UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NELSON CAPITAL, LLC,

        *Plaintiff*,

        v.

KEVIN J. CAMPBELL and
JONATHAN D. LEE,

        *Defendants*.

CASE NO. 2:19-cv-00089-BJR

ORDER DENYING MOTION FOR STAY

## I. INTRODUCTION

Plaintiff Nelson Capital, LLC, brings this complaint claiming that Defendants Kevin J. Campbell and Jonathan D. Lee offered and sold an unregistered security and committed securities fraud. Plaintiff further alleges breach of fiduciary duty, negligent misrepresentation, unjust enrichment, and violation of the Washington Consumer Protection Act. Currently before the Court is Defendants' motion for a temporary stay of this case while a related bankruptcy case proceeds. Plaintiff opposes the motion. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny the motion.

## II. BACKGROUND[1]

Plaintiff Nelson Capital is owned by Doug and Karina Nelson. The Nelsons sought investment advice from Defendants, investment advisors Kevin Campbell and Jonathan Lee, to

---

[1] Unless otherwise noted, the following background discussion comes from Plaintiff's complaint (Dkt. No. 1), which the Court accepts as true for the purpose of this motion.

prepare for the costs of funding college tuition for their children and to diversify their portfolio. Compl., Dkt. No. 1 at ¶¶ 17, 24. The Nelsons met several times with Defendants in Campbell's office, with Lee participating remotely through an internet meeting service. *Id*. at ¶ 20. Defendants recommended that the Nelsons invest in a company called 1 Global Capital LLC ("1 Global"). Defendants allegedly presented the Nelsons with investment statements of other investors enjoying highly profitable returns along with 1 Global's marketing materials. Further, Plaintiff alleges that Defendants assured them that "these guys are solid," that a 1 Global investment posed almost no risk, and that 1 Global had rigorous underwriting and electronic collection processes which guaranteed that investors would make a profit. *Id*. at ¶¶ 1, 29, 38, 39. Relying on this information, Nelson Capital invested $250,000 in 1 Global on June 22, 2018. *Id.* at 1.

On July 27, 2018, a little over one month later, 1 Global filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Florida. *Id*. at ¶ 3; *In re: 1 Global Capital*, 18-19121-RBR (Bankr. S.D. Fla.). The Securities and Exchange Commission filed a complaint against 1 Global, its owner, and others on August 23, 2018. *Id.* at ¶¶ 55, 56; *Securities and Exchange Commission v. Carl Ruderman*, No. 18-cv-61991-BB (S.D. Fla.).

Plaintiff alleges that Lee received tens of thousands of dollars in finder's fees from 1 Global which he shared with Campbell but that neither disclosed this to the Nelsons, even when asked (*id.* at ¶¶ 3, 33, 34, 39, 40). Plaintiff further alleges that the 1 Global marketing materials that Defendants showed to Plaintiff were false and misleading (*id*. at ¶ 1). The Nelsons were among more than 3,400 investors who invested a total of more than $287 million in 1 Global. *Id*. at ¶ 27.

Plaintiff seeks actual damages against Defendants of "not less than $250,000, less the value of Nelson Capital's proof of claim" in the bankruptcy case, interest, restitution, treble damages (for the Consumer Protection Act violation), and costs of investigation, suit, and attorneys' fees. *Id.* at ¶¶ 24, 25.

### III. LEGAL STANDARDS[2]

This Court, through its inherent power to control its docket, has broad discretion over whether to stay proceedings. *Clinton* v. *Jones*, 520 U.S. 681, 706-07 (1997). The party seeking a stay bears the burden of establishing its need. *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In deciding whether or not to grant a stay, the Court must consider the potential harm of a proposed stay. If the stay will "work damage" to a party, the stay may be inappropriate unless the moving party demonstrates a clear case of "hardship or inequity." *Landis*, 299 U.S. at 255.

Guided by *Landis*, the Ninth Circuit holds that district courts should weigh three factors in deciding whether to stay a proceeding:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

---

[2] While the Bankruptcy Code contains certain automatic stay provisions, these only apply to debtors and not non-debtors such as the defendants in this case. *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1095 (9th Cir. 2007); 11 U.S.C. § 362(a)(1).

# IV. DISCUSSION

## A. Possible damage to Plaintiff from a stay

Plaintiff argues that the discovery process will become more difficult if the case is stayed until the conclusion of the bankruptcy case since evidence could be destroyed, and witness memories may fade. Defendants counter that the parties are already subject to rules requiring the preservation of discoverable evidence, and that any concern about losing evidence is generalized and speculative.

While neither the parties nor the Court are able to predict when the bankruptcy case will resolve, the Court notes that the bankruptcy case involves 3,520 proofs of claim for approximately $703 million, that a reorganization plan under Chapter 11 has not yet been filed, that there are at least three related lawsuits (a number which could soon increase), in addition to an enforcement action filed by the Securities and Exchange Commission. This all suggests that the proceedings will be lengthy. Even if the parties adhere to their requirements to preserve discoverable evidence, it is axiomatic that evidence is more likely to become lost and memories more likely to fade if this case is stayed for a significant length of time. This is especially so here, where much of the potential evidence is in the form of electronic records that may be easily overwritten. A protracted stay "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Clinton v. Jones*, 250 U.S. 681 (1997). The Court thus concludes that a stay has a high potential to materially prejudice Nelson Capital's ability to conduct discovery and present its case at trial.

### B. Hardship or inequity

Defendants argue that without a stay they will have to spend considerable time, money, and resources on discovery, motions practice, and trial. Defendants' burden of producing discovery, preparing for trial, and trial, however, does not demonstrate hardship. *See Lockyer*, 593 F.2d at 864 ("[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity."); *Lathrop v. Uber Techs.*, No. 14-cv-05678-JST, 2016 WL 97511 at *4 (N.D. Cal. Jan. 8, 2016) (concluding that although a defendant may suffer hardship in the form of additional discovery, that "potential hardship" did not merit a stay); *Hiemstra v. Credit One Bank*, No. 2:16-cv-02437-JAM-EFB, 2017 WL 4124233, at *2 (E.D. Cal. Sept. 15, 2017) ("costly discovery" alone does not demonstrate a compelling need for imposing a stay).

### C. The orderly course of justice

The parties paint contrasting pictures of the bankruptcy case and how it relates to this case. According to Defendants, the bankruptcy case is proceeding at a brisk pace, is likely to resolve promptly, and once complete will also resolve the issues pending in this case. Plaintiff counters that the bankruptcy case will not resolve quickly and argues that the two cases are completely different.

The Court is not persuaded by Defendants' contention that the bankruptcy case involves similar issues. The cases are being brought against completely different defendants involving completely different allegations and fact patterns. Plaintiff is not suing 1 Global, and the bankruptcy case does not involve the Defendants in this case. Furthermore, Plainitff's claims include state and federal securities law violations and state tort and consumer protection claims which are not part of the bankruptcy case.

5

Defendants assert that the claimed damages "entirely overlap" with the claim for damages asserted in Plaintiff's bankruptcy proof of claim. Defendants argue that because Plaintiff stands to receive all, or a substantial portion, of the relief it seeks through the bankruptcy case, the orderly course of justice demands a stay. While both cases concern resolution of Nelson Capital's $250,000 investment, the claim for damages in this case includes treble damages under the state Consumer Protection Act along with other damages not available in the bankruptcy case. It is thus unlikely that a resolution of the bankruptcy case would afford Plaintiff full satisfaction of its claims against Defendants.

Defendants raise a further concern that without a stay Plaintiff could potentially receive a double recovery. However, Plaintiff's prayer for relief includes an offset for the value of the bankruptcy claim, and its bankruptcy claim can be adjusted once this case is complete. Given the likelihood that adjustments can be made to assure that there is no unauthorized double recovery, this concern is too speculative to warrant a stay.

## V. CONCLUSION

After balancing the competing interests of the parties, the Court concludes that a stay is unwarranted and DENIES Defendants' motion.

DATED this 15th day of May, 2019.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE